**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4669
_____

RAVANNA SPENCER AND JAMES HERMAN

v.

SUPERINTENDENT MICHAEL WENEROWICZ;
DEPUTY SUPERINTENDENT ONDREJKA;
DEPUTY SUPERINTENDENT L. S. LANE;
CCPM OLINGER; MENTAL HEALTH MANAGEMENT, INC.;
PSYCHIATRIST DR. MARTINEZ; UNIT MANAGER LAQUIS;
LIBRARIAN JANE DOE; SHAYLOR, GRIEVANCE COORDINATOR;
CHCA KURSZNIAK; PENNSYLVANIA DEPARTMENT OF CORRECTIONS

Ravanna Spencer,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:13-cv-07381)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2016
Before:  CHAGARES, KRAUSE and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 18, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Ravanna Spencer, proceeding pro se, appeals from the orders of the

United States District Court for the Eastern District of Pennsylvania granting Appellees'

motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons set forth below, we will affirm the judgment of the District Court.

The procedural history of this case and the details of the claims are well-known to

the parties and need not be discussed at length. In short, Spencer and his co-plaintiff,

James Herman, brought this action in 2013 pursuant to 42 U.S.C. § 1983 alleging that

Defendants[1] violated their Eighth and Fourteenth Amendment rights under the

Constitution, the Americans with Disabilities Act, the Rehabilitation Act, and various

state laws. The complaint alleged that, during their time as inmates in the Secure

Residential Treatment Unit ("SRTU")[2] at State Correctional Institution – Graterford

("SCI – Graterford"), Spencer and Herman did not have adequate access to the prison

grievance process, laundry services, commissary, library privileges, or the property room.

The complaint also alleged that Spencer and Herman received inadequate food and

---

[1]    The complaint named the Pennsylvania Department of Corrections and several
Department of Corrections employees as Defendants. Mental Health Management, Inc.,
a private company providing services to inmates in the custody of the Department of
Corrections, and a psychiatrist identified as "Dr. Martinez" employed by Mental Health
Management, Inc., were also named as Defendants.
[2]    According to the complaint, the SRTU is a "mental health program for inmate who
have had multiple placements in restricted housing units because of behavior attributed to
their mental illness."

2

medical care. Spencer and Herman alleged that inmates in the SRTU were being treated differently than inmates in other housing units as a result of discrimination based on their mental health issues.

Defendants sought dismissal of the complaint, arguing, *inter alia*, that Spencer and Herman had failed to fully exhaust their administrative remedies prior to filing suit. By order dated August 1, 2014, the District Court granted the motions to dismiss and dismissed the complaint without prejudice as to all Defendants other than the Pennsylvania Department of Corrections ("DOC"). The DOC subsequently moved for dismissal, similarly arguing that Spencer and Herman had failed to exhaust their administrative remedies. By order dated October 21, 2014, the District Court granted the DOC's unopposed motion to dismiss based on the exhaustion issue.[3]

Spencer filed a timely notice of appeal,[4] and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's dismissal of the complaint for

---

[3]    We note that the District Court only dismissed the federal claims on the basis of exhaustion. We understand it to have declined to exercise supplemental jurisdiction over the state law claims alleged in the complaint. 28 U.S.C. § 1367(c); see also Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000). Accordingly, we will modify the District Court's dismissal of Spencer's state law claims to make clear that this dismissal is without prejudice to his ability to pursue those claims in state court. We express no opinion on his likelihood of prevailing in that forum.

[4]    Parties may only proceed in federal court pro se or through counsel. See 28 U.S.C. § 1654. While both Herman and Spencer filed the original complaint, Spencer is not permitted to represent Herman on appeal. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). Given that Herman did not sign the Notice of Appeal authored by Spencer and has not signed or filed any documents presented in this appeal, he has not expressed any intent to appeal the District Court's rulings and is therefore not a party to this appeal.

failure to exhaust. Small v. Camden County, 728 F.3d 265, 268 (3d Cir. 2013) (citing Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004)). Under the Prison Litigation Reform Act ("PLRA"), a prisoner must properly exhaust all available administrative remedies at the prison before bringing an action regarding prison conditions in federal court. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 93 (2006); Small, 728 F.3d at 268. Failure to exhaust is an affirmative defense that the defendant must plead and prove. Small, 728 F.3d at 268. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). We have held, however, that when prison officials thwart an inmate's attempt to utilize his administrative remedies, those remedies are "unavailable" to the inmate for purposes of exhaustion. Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002).

It was uncontested before the District Court that neither Spencer nor Herman initiated, let alone exhausted, the grievance process with respect to the claims in this action. Spencer and Herman sought to be excused from the exhaustion requirement, though, on the basis that the grievance process was not available to them. On appeal, Spencer argues that in dismissing the complaint for failure to exhaust, the District Court overlooked the allegations of the complaint and the exhibits thereto which asserted that the required grievance forms necessary to initiate the formal grievance process were not provided to him while housed in the SRTU. Spencer alleges that he requested grievances both verbally and in writing.

4

In support of his argument, Spencer directs our attention to the documents attached as exhibits to the complaint. These documents include several "Inmate Request to Staff Member" forms. On the final page of one of these forms, it is alleged that "[g]rievances are not being made available to us[.]" In reliance on the above, Spencer argues that Defendants have failed to show non-exhaustion, and that he and Herman have supported their allegations of unavailability with documentary evidence. However, as the Appellees correctly observe, the only evidence in the record before the District Court, and the only evidence Spencer relies upon on appeal, regarding the alleged unavailability of grievance forms pertained specifically to *Herman*, who is not a party to this appeal.

Our review of the complaint and the record before the District Court does not support Spencer's contention that the grievance process was unavailable to him. Spencer cannot simply rely on Herman's allegations and documents[5] to demonstrate that the grievance process was unavailable to *him* personally in order to excuse his failure to exhaust. See generally Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (recognizing that the PLRA "make[s] exhaustion of all administrative remedies mandatory" preconditions to filing suit). We decline to hold that an inmate in Spencer's position can viably allege that a prison's administrative remedy was unavailable to him simply by pointing to the

_____

[5]    In a supplemental declaration filed in opposition to the motions to dismiss, Herman alone reiterated his claims that grievance forms were not being made available in the SRTU, and alleged that he had to purchase the required forms from another inmate in a different housing unit in exchange for commissary items and food. These assertions, however, do not provide a basis for excusing *Spencer's* own independent failure to exhaust.

5

cursory allegation of another inmate that grievance forms were not available. Indeed, such a holding would be contrary to the purpose of the PLRA, as it would allow a prisoner's case to proceed without even a credible allegation that the prisoner gave the prison an opportunity to remedy a problem with grievance forms. See Brown, 312 F.3d at 113. As it is undisputed that Spencer did not utilize any administrative remedies, and as there is no viable allegation before us that these remedies were actually unavailable *to him*, we will not disturb the District Court's ruling that he failed to properly exhaust his administrative remedies.

We have carefully considered the remainder of Spencer's arguments on appeal, and conclude that the District Court properly dismissed the complaint based on Spencer's failure to exhaust. For essentially the same reasons set forth by the District Court in its well-reasoned opinion, we will affirm.